RAY LAVERNE WHEELER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wheeler v. Commissioner
Docket No. 8932-78.
United States Tax Court
T.C. Memo 1980-188; 1980 Tax Ct. Memo LEXIS 395; 40 T.C.M. (CCH) 418; T.C.M. (RIA) 80188; May 28, 1980, Filed Ray LaVerne Wheeler, pro se. Karen Nicholson Sommers, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: [1]/ Respondent determined a deficiency in petitioner's Federal income tax for 1976 in the amount of $1,610.45. Two issues are presented for decision as follows: 1. Whether petitioner is entitled under section 162 *396 [2]/ or 212 to a deduction in the amount of $2,175 for expenses incurred in connection with certain property which he rented to a friend. 2. Whether petitioner is entitled under section 162 to a deduction for employee business expenses in the amount of $791.30. FINDINGS OF FACT At the time the petition was filed in this case, petitioner was a legal resident of Chula Vista, California. He timely filed a Federal income tax return for 1976. In his 1976 income tax return petitioner claimed, among other items, miscellaneous deductions as follows: Union dues
$ 210.00
School supplies
48.39
Ft. Belvoir & WRAMC Ind. Hyg.
instruments
109.00
Rental home expense
2,175.00
Use of my auto to do U.S. Gov't
business w/o compensation
791.30
Total
$3,333.69
The rental home expense deduction was set forth in further detail in a schedule as follows: a. Repair of furnace (oil)
$ 250
b. Note on property not paid by renter
1,200
c. Griffith Consumer (oil for oil
furnace)
500
d. Repair to basement
1. Laundry tub & copper pipes
150
2. 2 doors & locks
75
$2,175
*397 The "use of my auto" deduction was based on a claim that petitioner, in connection with his work, drove 5,222 miles for which he was entitled to a deduction at the rate of 15 cents per mile (a total of $783.30) plus tolls of $8. Respondent disallowed the claimed deductions as follows: Claimed
Disallowed
Miscellaneous deductions
$3,333.69
$2,177.14
Taxes
4,130.62
686.88
Interest
4,511.58
1,122.87
$11,975.89
$3,986.89
Respondent further determined that petitioner had unreported additional income in the following amounts: Rental income
$ 500.00
Refund of previously-deducted
State income tax
778.39
$1,278.39
Respondent by stipulation concedes that the notice of deficiency contains errors and takes the position that the correct amount of the disallowance of miscellaneous deductions is as follows: Rental home expense disallowed
$ 2,175.00
Employee business mileage disallowed
791.30
Rental home interest expense allowed
(1,122.87)
Rental home taxes expense allowed
( 686.88)
$ 1,156.55
petitioner concedes that he received a taxable refund of State income taxes in the amount of $778.39 and that he *398 received $500 in rent under an agreement with a friend to pay petitioner for the use of his residential property. Petitioner bought the residential property for the purpose of later selling it for a profit. He allowed a friend to occupy it during 1976 in return for an agreement to make payments on the notes owed on the house. The friend paid only $500 on the notes, and petitioner was required to pay the balance of the sums due. During 1976 petitioner was employed as an industrial hygienist. In connection with his work he was required to use his personally-owned automobile for transportation from his office to certain worksites. He drove a total of 5,222 miles to and from the work-sites. OPINION 1. Rental Property Issue
Respondent has agreed that petitioner is entitled to deductions for the taxes ($686.88) and interest ($1,122.87) paid with respect to his residential property. Respondent argues, however, and we agree, that petitioner is not entitled to a deduction for the rent which he expected to, but did not, collect for the use of his residential property. Since he had not reported the uncollected rent as income, he had no cost in his claim against the tenant *399 which would support a deduction for the uncollected amounts. See, e.g., Pounds v. United States,372 F.2d 342, 351-352 (5th Cir. 1967). Petitioner, moreover, did not establish that he incurred the rental house repair expenses claimed as deductions. Also, petitioner admits that he received rent in the amount of $500 which he failed to report as income. Petitioner also concedes that he did not rent the property for the purpose of making a profit. Section 183(b) and section 1.183-1(b)(1), Income Tax Regs., require that the rental income ($500) earned by petitioner be applied first to reduce the allowed deductions ($1,809.75) without regard to profitability. Accordingly, petitioner is entitled to deductions of $1,309.75 with respect to the property. In making the Rule 155 computation, an appropriate adjustment will be made in the claimed itemized deductions. 2. Mileage Expense Deduction
Petitioner offered evidence convincing to the Court that he incurred expenses for transportation from his office to various jobsites. Although petitioner had no documentation as to the precise amount of the mileage, the estimates, to which he testified, are accepted as *400 sufficient to establish that he drove his personally-owned automobile the claimed 5,222 miles, approximately 100 miles per week. Accordingly, he is entitled to the claimed deduction of $783.30. There is no evidence with respect to the deduction claimed for the payment of tolls, and that deduction, therefore, must be denied. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. / This case was tried before Judge William H. Quealy↩ who subseuently resigned from the Court. By order dated May 28, 1980, the case was reassigned for disposition.
2. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.